IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TRACY MITCHUM,<br><br>    Plaintiff,<br><br>v.<br><br>COLISEUM MEDICAL CENTER, LLC,<br>and DAVID RUTLAND,<br><br>    Defendant. | CIVIL ACTION NO.<br>5:13-cv-00246-MTT |

**DEFENDANT DAVID RUTLAND'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS FOR UNTIMELY SERVICE OF PROCESS**

COMES NOW Defendant David Rutland ("Rutland" and/or "Defendant"), by his counsel of record and for purposes of contesting proper service of process, files this Reply in Support of his Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5).

I.  **Argument and Citation to Authority**

    A.  **Dismissal is Proper under Rule 4(m).**

In her Brief in Opposition to Defendant's Motion to Dismiss [Dkt. 18, "Brief in Opposition"], Mitchum contends that her claims against Rutland should not be dismissed because dismissal "would not serve any purpose, particularly that of judicial economy." Mitchum further argues that Rutland has "incorrectly implied

that a showing of 'good cause' is required in order to justify denying his motion to dismiss." On the contrary, it is Plaintiff who has misconstrued the bases for Rutland's Motion to Dismiss, as well as Eleventh Circuit precedent interpreting Fed. R. of Civ. P. 4(m).

As stated in Defendant's Motion to Dismiss, there are two components to Rule 4(m). Under the first component, if a plaintiff is able to show good cause as to why a party has not been served, then the court *must* extend the time for service. Fed. R. Civ. P. 4(m). Here, Plaintiff concedes that she cannot show good cause as to why she failed to serve Rutland, so Defendant's Motion must therefore be decided according to the "second component" of Rule 4(m). [Dkt. 18, 4] Under this second component, if a plaintiff cannot show good cause, then the Court *may* extend the time for service, in its discretion.

Even in this second scenario, however, the Court must still consider whether the circumstances of the case *justify* the discretionary relief of an extension of time. See Melton v. Wiley, 262 Fed. Appx. 921, 923-924 (11th Cir. 2008). In other words, contrary to Plaintiff's legal contentions, courts in the Eleventh Circuit do not simply extend the time period for perfecting service as a matter of right, as Rule 4(m) provides ample time for perfecting service in the absence of "special circumstances" justifying an extension of time. See Bingham v. Butler, 2012 U.S.

Dist. LEXIS 138447, 3-4 (M.D. Ga. Aug. 27, 2012) ("The Eleventh Circuit has extended the power of a district court to grant extensions under Rule 4(m) even in the absence of good cause, *if special circumstances or the facts of the case at issue warrant an extension*") (emphasis added).[1]  In determining what factors or "special circumstances" justify the grant of an extension, the Eleventh Circuit routinely cites the Advisory Committee Note to Rule 4(m), which states:

> Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.

*Melton*, 262 Fed. Appx. at 923-924 (*citing* Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments) (holding that trial court did not abuse its discretion by refusing to extend time for service, despite the fact that Plaintiff's claims would be barred by statute of limitations, based on plaintiff's negligent but good faith failure to perfect service).

Here, Plaintiff has not and cannot point to any special circumstances warranting discretionary relief.  Mitchum has not argued that the applicable statute

---

[1] Although Section D of Plaintiff's Brief in Opposition suggests that courts can and do extend the time period for perfecting service even in the absence of special circumstances, Plaintiff has failed to cite any case law in support of this proposition, which is flatly contradicted by Eleventh Circuit precedent.  See Horenkamp v. Van Winkle & Co., Inc., 402 F.3d 1129, 1132-33 (11th Cir. 2005); see also Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007).

of limitations would bar her from re-filing her lawsuit against Rutland.  Nor has she pointed to any evidence that Rutland evaded service or concealed a defect in attempted service, or identified any other special circumstances whatsoever justifying her delay.  Accordingly, the circumstances of this case demonstrate that an extension of time is not warranted, as Mitchum's failure to serve Rutland was admittedly the result of her own lack of diligence.  See Gambuti v. Georgia, 2007 U.S. Dist. LEXIS 26096, 2-3 (M.D. Ga. April 9, 2007) (holding that no special circumstances existed to warrant extending the time period for perfecting service because plaintiff's failure to timely serve defendant was "due to his own negligence," despite the fact that plaintiff claimed that he had been unable to locate defendant's address due to his incarceration).

Faced with this clear precedent, Plaintiff nonetheless argues that the time for perfecting service should be extended because dismissal of her claims against Rutland would "serve no purpose," as Plaintiff will still be able to re-file her claims against Rutland.  [Dkt. 18, 4]  This argument, however, completely misstates the standard used by Eleventh Circuit courts to determine whether an extension of time is warranted under Rule 4(m).

First, Plaintiff has not cited a single case in support of her theory that plaintiffs are entitled to a "mulligan" after failing to comply with Rule 4(m), so

long as the plaintiff would still be able to re-file her claim.  Indeed, if a plaintiff can extend the deadline for perfecting service as a matter of right simply because the plaintiff could re-file her suit following dismissal, then Rule 4(m) would fail to serve any meaningful purpose.  This is particularly true in light of the fact that the Eleventh Circuit has already identified the *inability* to re-file a claim following dismissal as a factor justifying discretionary relief, rather than the *ability* to re-file a claim.  See <u>West v. Lewis Color Lithographers</u>, 2007 U.S. Dist. LEXIS 51124, 8-9 (S.D. Ga. July 16, 2007) (stating that while courts are generally lenient with plaintiffs whose claims would be barred by the applicable statute of limitations following dismissal under Rule 4(m), "that treatment contrasts with cases where litigant indolence is accompanied by no limitations bar").[2]  Accordingly, Plaintiff

---

[2] Although Plaintiff cites <u>Ritts v. Dealers Alliance Credit Corp.</u>, 989 F. Supp. 1475 (N.D. Ga. 1997), for the proposition that courts in the Eleventh Circuit extend the time for perfecting service whenever plaintiffs "would be free to simply re-file [their] claims," Plaintiff has misstated the holding of <u>Ritts</u>.  First, unlike the Plaintiff here, the plaintiff in <u>Ritts</u> *did* serve the defendant within 120 days of filing the complaint, but service was not perfected because plaintiff served an individual who was not authorized to accept service on behalf of the defendant.  <u>Id.</u> at 1478.  Accordingly, special circumstances arguably existed supporting the grant of discretionary relief in <u>Ritts</u>, unlike the instant case.  Moreover, the court in <u>Ritts</u> decided that dismissal was inappropriate because the defendant had already asserted a counterclaim against the plaintiff, which would have allowed the plaintiff to re-assert his claim as a compulsory counterclaim *in the very same proceeding* (i.e., the dismissal would have had no practical effect on the litigation). <u>Id.</u> at 1479.  Here, if Plaintiff decides to re-file her claims against Rutland, she will be required to do so in a different, more appropriate forum (i.e., state court).

cannot survive Rutland's motion to dismiss simply by asserting that dismissal "will serve no purpose," as dismissal will serve the very real purpose of enforcing Rule 4(m) by its terms.

Second, Plaintiff's assertion that dismissal of her action against Rutland would not serve the purposes of judicial economy is simply inaccurate. Most of the claims that Mitchum brought in her Complaint are defendant-specific. Specifically, Counts I, II, III and IV are solely against Defendant Coliseum Medical Center ("Defendant Coliseum"), and Counts V and VI are state law claims brought solely against Rutland. [Dkt. 1] Moreover, the state law claims asserted against Rutland (battery and intentional infliction of emotional distress) encompass completely different elements of proof compared to Plaintiff's Title VII claims against Defendant Coliseum (for which Plaintiff has the burden of proving, *inter alia*, knowledge, action, or inaction on the part of Coliseum). Contrary to Mitchum's assertions, all parties would therefore benefit by streamlining these claims against the appropriate party in the appropriate forum, rather than grouping numerous defendant-specific claims into one federal lawsuit. Accordingly, Plaintiff has failed to show any special circumstances justifying discretionary relief.

### B.      **Plaintiff's Failure to Timely Serve Rutland Cannot Be Justified By the Doctrine of "Excusable Neglect."**

In her Brief in Opposition, Plaintiff further contends that her claims against Rutland are not subject to dismissal because her failure to timely serve Rutland constitutes "excusable neglect" under Fed. R. Civ. P. 60(b).  Pursuant to Rule 60, Plaintiff contends that her claims should not be dismissed because: (1) the delay in service was not the product of bad faith; (2) there was no undue delay; and (3) the delay has not prejudiced Defendants.  [Dkt. 18, 5]  As demonstrated below, however, the "excusable neglect" standard encompassed in Rule 60 is simply not applicable to Defendant's pending Motion to Dismiss.

First, by its plain terms, a party can move for relief pursuant to Fed. R. Civ. P. 60(b) only after a final judgment or order has been entered.  Accordingly, and not surprisingly, Plaintiff has failed to cite a single Eleventh Circuit decision applying Rule 60's "excusable neglect" standard in the context of a pending Motion to Dismiss.  Moreover, the Eleventh Circuit has held that because dismissal under Rule 4(m) is without prejudice, plaintiffs are not entitled to seek relief under Rule 60(b) *even after a claim is dismissed.*  Pierce v. Kyle, 535 Fed. Appx. 783, 785 (11th Cir. 2013).  Plaintiff's reliance on Rule 60 is therefore both premature and improper.

Second, contrary to Plaintiff's contentions, Georgia federal courts have held that the "excusable neglect" and "good cause" standards are interchangeable for the purposes of determining whether a claim should be dismissed pursuant to Rule 4(m). Specifically, in <u>Bingham</u>, 2012 U.S. Dist. LEXIS 138447 at 3-4, the Court noted that:

> The standard of good cause is equivalent to excusable neglect and requires a showing of good faith and some reasonable basis for failure to timely serve the Complaint, a basis that is more than simple inadvertence or mistake. <u>Steinberg v. Barclay's Nominees (Branches) Ltd.</u>, 2008 U.S. Dist. LEXIS 75510 (S.D.Fla., Sept. 30, 2008); <u>Madison v. BP Oil Co.</u>, 928 F. Supp. 1132, 1137 (S.D.Ala. 1996). In general, good cause is found to exist only when some "outside factor. . . rather than inadvertence or negligence, prevented service." <u>Lepone-Dempsey v. Carroll County Comm'rs,</u> 476 F.3d 1277, 1281 (11th Cir. 2007).

Simply put, because Plaintiff has already conceded that she did not have "good cause" for her failure to serve Rutland, she cannot argue that she satisfied the "equivalent" excusable neglect standard.

Third, as noted above, Plaintiff has failed to cite to a single Eleventh Circuit case analyzing Rule 60's excusable neglect factors (i.e., lack of bad faith, lack of prejudice, etc.) in the context of a pending motion to dismiss under Rule 4(m). However, even if the Court incorrectly takes these factors into account, dismissal is still warranted. For example, contrary to Plaintiff's contentions, there is a strong possibility that her delay in serving Rutland did in fact result in prejudice to

Defendants.  On October 24, 2013, Defendant Coliseum attempted to file the parties' Joint Preliminary Report and Discovery Plan with the Court.  [Dkt. 9]  The Court, however, advised Defendant Coliseum that the report was premature, as the parties could not file their discovery report until the Court issued its Rule 16 and 26 Order, which the Court could not put into the record until all Defendants had been served.  Defendant Coliseum was therefore prevented from pursuing discovery against Plaintiff until over three weeks later, when the Court issued its Show Cause Order, as well as its Rule 16 and 26 Order, on November 15, 2013.  [Dkt. 10; Dkt. 11]  This delay in discovery potentially prejudiced Defendants, as Defendant Coliseum has recently discovered that Plaintiff appears to have lost and/or destroyed critical items of evidence in this case, which evidence may have been discoverable but for Plaintiff's unreasonable delay.

Finally, in each of the Eleventh Circuit cases cited by Plaintiff in support of her improper "excusable neglect" argument, the plaintiffs asserted that they missed applicable deadlines due to "careless errors," such as miscommunication or improper calendaring.  See Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996); see also Walter v. Blue Shield United of Wis., 181 F.3d 1198, 1202 (11th Cir. 1999).  Here, Mitchum has not provided *any explanation whatsoever* for her lack of diligence in serving Rutland, which suggests that

Plaintiff made the conscious decision to flaunt the 120-day deadline for perfecting service.

## II. Conclusion

As Mitchum has not identified any special circumstances to justify her delay in serving Rutland, Rutland respectfully requests that this Court deny Mitchum's request to extend the time for service and dismiss him as a defendant in this suit.

Dated this 7th day of February, 2014.

                                        s/ Nancy Atkinson
                                        Georgia Bar No. 005270
                                        883 Mulberry Street
                                        Macon, GA   31201
                                        Telephone:  478 746-9960
                                        Natkinson6703702@aol.com

                                        Attorney for Defendant
                                        David Rutland

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TRACY MITCHUM,<br><br>    Plaintiff,<br><br>v.<br><br>COLISEUM MEDICAL CENTER, LLC,<br>and DAVID RUTLAND,<br><br>    Defendant. | CIVIL ACTION NO.<br>5:13-cv-00246-MTT |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on FEBRUARY 7, 2014, she electronically filed the foregoing **DEFENDANT DAVID RUTLAND'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS FOR UNTIMELY SERVICE OF PROCESS** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorney of record:

    Harlan S. Miller
    Parks, Chesin & Walbert, P.C.
    75 Fourteenth Street, Suite 2600
    Atlanta, Georgia  30309

    Patricia G. Griffith
    Ford & Harrison LLP
    271 17th Street, NW, Suite 1900
    Atlanta, GA  30363

                          s/ Nancy Atkinson

883 Mulberry Street
Macon, GA  31201
Telephone:  478 746-9960

WSACTIVELLP:6629811.1