**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **TRACY MITCHUM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:13-CV-246 (MTT)** |
| | ) | |
| **COLISEUM MEDICAL CENTER, LLC** | ) | |
| **and DAVID RUTLAND,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>ORDER</u>

Before the Court is Defendant David Rutland's motion to dismiss pursuant to

Fed. R. Civ. P. 12(b)(5).  (Doc. 17).  The Plaintiff did not serve Rutland with a copy of

her complaint for more than 120 days after she filed it.[1]

"If a defendant is not served within 120 days after the complaint is filed, the court

– on motion or on its own after notice to the plaintiff – must dismiss the action without

prejudice against that defendant *or order that service be made within a specified time.*"

Fed. R. Civ. P. 4(m) (emphasis added).  That is, the Court has discretion to extend the

time for service even if a plaintiff has not shown good cause for not serving the

defendant.  *Horenkamp v. Van Winkle And Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir.

---

[1] The Plaintiff sued the Defendants on July 9, 2013 alleging various employment discrimination-
related claims.  (Doc. 1).  The Plaintiff served Coliseum Medical Center but did not serve
Rutland.  Coliseum filed its answer on August 26, 2013.  (Doc. 5).  On November 15, 2013,
more than 120 days after the filing of the Plaintiff's complaint, the Court ordered the Plaintiff to
show cause as to why she had not served Rutland.  (Doc. 8).  The Plaintiff personally served
Rutland with a copy of the complaint on November 28, 2013 (Doc. 11-1) and requested the
Court extend the time for service to that date.  She did not explain why she had not served
Rutland sooner.  (Doc. 12).

2005).  When the Court exercises this discretion, it should consider whether the circumstances warrant an extension of time based on the facts of the case.  *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007).  As Rutland notes, Advisory Committee Notes to the federal rules provide some guidance as to what factors may be considered, such as the running of the statute of limitations.  Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments.  However, the Committee's examples are "not an exhaustive list."  *Lepone-Dempsey*, 476 F.3d at 1282.

The Plaintiff has not advanced a reason for failing to timely serve Rutland nor does she contend that she has good cause for her delay.  However, the circumstances of this case warrant an extension.  It would ultimately be a waste of time for the Court to dismiss the claims against Rutland because the dismissal would be without prejudice.  The Plaintiff could merely refile a separate lawsuit against him or move to amend her complaint to join Rutland as a party to her ongoing suit against Coliseum.  Although the Plaintiff has asserted different claims against the Defendants, these claims arise out of the same alleged facts.  There is no reason to squander scarce judicial resources litigating them in separate actions.  Accordingly, the time for serving Rutland is extended to November 28, 2013, the date he was actually served.

Because the Plaintiff timely served Rutland during this extended period, his motion to dismiss is **DENIED**.

**SO ORDERED**, this 19th day of February, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT